Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CAUSE NO. **CL-19-0291-H**

| | | |
|---|---|---|
| **JOSE CONEJO** | § | **IN THE COUNTY COURT** |
| **PLAINTIFF** | § | |
| | § | |
| **VS.** | § | **AT LAW NUMBER_____** |
| | § | |
| **ADAN PINA III,** | § | |
| **GELCO FLEET TRUST** | § | |
| **AND DISH NETWORK LLC** | § | |
| **DEFENDANTS** | § | **HIDALGO COUNTY, TEXAS** |

<u>**PLAINTIFF'S ORIGINAL PETITION & DISCOVERY REQUESTS**</u>

**TO THE HONORABLE JUDGE OF SAID COURT:**

      **COME NOW, PLAINTIFF JOSE CONEJO,** complaining of **DEFENDANTS ADAN PINA III AND GELCO FLEET TRUST AND DISH NETWORK LLC,** and for cause of action would respectfully show the Court the following:

<u>**I. DISCOVERY PLAN AND DISCOVERY REQUESTS**</u>

      **PLAINTIFF** intends to conduct discovery under Level 2 pursuant to Rule 190, Texas Rules Civil Procedure.

      **PLAINTIFS** requests pursuant to Rule 194, 196, 197 and 198 that **DEFENDANTS** disclose within fifty (50) days of filing of service of this request, the information or material described in Rule 194.2 A – L of the Texas Rules of Civil Procedure and the Interrogatories, Production and Admissions herein attached as Exhibit "A". The original answers are to be forwarded to **PLAINTIFFS** attorney of record.

<u>**II. THE PLAINTIFF**</u>

      **JOSE CONEJO,** (hereinafter referred to by name and/or "PLAINTIFF") is a resident of HIDALGO County, Texas.

<u>**III. THE DEFENDANTS**</u>

      DEFENDANT, ADAN PINA III (hereinafter referred to by name and/or as DEFENDANT), is an individual and a resident of the County of CAMERON in the State of Texas. Said Defendant may be served with process at his residence located on the following address: <u>11013 S DAKOTA ST, HARLINGEN, TEXAS 78550,</u> or any other location where he may be found. Service of said Defendant as described above can be effected by any of the methods allowed by the Texas Rules of Civil Procedure.

1



Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

DEFENDANT GELCO FLEET TRUST (hereinafter referred to as by name and/or as DEFENDANT), is a business entity doing business in the County of HIDALGO in the State of Texas. Said Defendant may be served with process by serving its registered agent Said Defendant may be served with process by serving its registered agent CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO or any other person allowed under the Texas Rules of Civil Procedure, at the following address: 211 E 7TH STREET, STE 620, AUSTIN, TEXAS 78701 or any other location where they may be registered. Service of said Defendant as described above can be effected by any of the methods allowed by the Texas Rules of Civil Procedure.

DEFENDANT DISH NETWORK LLC (hereinafter referred to as by name and/or as DEFENDANT), is a business entity doing business in the County of HIDALGO in the State of Texas. Said Defendant may be served with process by serving its registered agent CORPORATION SERVICE COMPANY D/B/A CSC-LAWYERS INCO or any other person allowed under the Texas Rules of Civil Procedure, at the following address: 211 E 7TH STREET, STE 620, AUSTIN, TEXAS 78701, or any other location where they may be registered. Service of said Defendant as described above can be effected by any of the methods allowed by the Texas Rules of Civil Procedure.

## IV. ASSUMED NAMES

**Pursuant to Rule 28 of the Texas Rules of Civil Procedure, PLAINTIFF is suing any partnership, unincorporated association, a private corporation or individual whose name contains the words or who does business under or as GELCO FLEET TRUST AND DISH NETWORK LLC. It is the intent of Plaintiff to file a lawsuit against the owners, occupiers, property managers and/or controllers of the following vehicle: Vin Number: 3C6TRVAG9HE539884, Texas License Plate: JSR8607.**

## V. JURISDICTION AND VENUE

PLAINTIFF brings this suit to recover damages against DEFENDANTS for sustained losses, damages and personal injuries suffered by PLAINTIFF as a result of an accident that occurred in HIDALGO County, Texas. PLAINTIFF he sustained damages in a monetary relief of $200,000.00 but no more than $1,000,000.00 within the jurisdictional requirements of this Court. Venue of this proceeding is proper in HIDALGO County, Texas, pursuant to Texas Civil

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

Practice and Remedies Code Section 15.002. PLAINTIFF'S cause of action arose in HIDALGO County, Texas.

## VI. BACKGROUND FACTS

On or about January 10, 2018, PLAINTIFF JOSE CONEJO, was involved in a motor-vehicle accident caused by DEFENDANT ADAN PINA III'S negligence.

DEFENDANT ADAN PINA III was under the course and scope of his employment with DEFENDANT GELCO FLEET TRUST AND DISH NETWORK LLC

As a result of the accident, PLAINTIFF's vehicle was severely damaged and suffered severe personal injuries.

## VII. CAUSES OF ACTION AGAINST DEFENDANTS

PLAINTIFF incorporate by reference the allegations contained in the preceding paragraphs as though fully set forth herein. PLAINTIFF asserts claims against DEFENDANTS for its responsibility of PLAINTIFF'S damages as follows:

**A.    NEGLIGENCE**

PLAINTIFF has a negligence cause of action against DEFENDANTS because they meet the following required elements:

1.    The DEFENDANTS owed a legal duty to the PLAINTIFF;

2.    The DEFENDANTS breached the duty; and

3.    The breach proximately caused the PLAINTIFF's injuries.

**B.    RESPONDEAT SUPERIOR**

PLAINTIFF has a cause of action against DEFENDANTS under the theory of respondeat superior because he meets the following required elements:

a.    The PLAINTIFF was injured as a result of the tort;

b.    The tortfeasor was an employee of the defendant; and

c.    The tort was committed while the employee was acting within the scope of employment; that is, the act was

(1)    within the employee's general liability,

(2)    in furtherance of the defendant's business;

(3)    in furtherance of the object for which the employee was hired.

**C.    NEGLIGENT ENTRUSTMENT**

PLAINTIFF has a negligent entrustment cause of action against DEFENDANT GELCO

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

FLEET TRUST AND DISH NETWORK LLC because they meet the following required elements:

a. The owner entrusted its vehicle to another person;

b. That person was an unlicensed, incompetent, or reckless driver;

c. The owner knew or should have known the driver was unlicensed, incompetent, or reckless;

d. The driver was negligent on the occasion in question; and

e. The driver's negligence proximately caused the plaintiff's injury.

**D.   NEGLIGENT HIRING**

PLAINTIFF has a negligent hiring cause of action against DEFENDANT GELCO FLEET TRUST AND DISH NETWORK LLC because they meet the following required elements:

a. The employer owed the PLAINTIFF a legal duty to hire, supervise, train, or retain competent employees;

b. The employer breached that duty; and

c. The breach proximately caused the PLAINTIFF's injury.

**E.   GROSS NEGLIGENCE**

PLAINTIFF has a gross negligence cause of action against DEFENDANTS ADAN PINA III AND GELCO FLEET TRUST AND DISH NETWORK LLC because the following required elements are met:

1. The act or omission of failing to maintain the DEFENDANT GELCO FLEET TRUST AND DISH NETWORK LLC'S vehicles brakes, when viewed objectively from the defendant's standpoint at the time it occurred, involved an extreme degree of risk considering the probability and magnitude of the potential harm to others; and

2. DEFENDANTS had actual, subjective awareness of the risk, but still proceeded with a conscious indifference to the rights, safety, or welfare of others.

**VIII. PLAINTIFF'S DAMAGES**

As a direct and proximate result of the occurrence made the basis of this lawsuit, PLAINTIFF was caused to suffer, and to incur the following damages:

A. Reasonable medical care and expenses in the past. These expenses were incurred

Electronically Submitt[...]
1/11/2019 3:41 P[...]
Hidalgo County Cle[...]
Accepted by: Samantha Martine[...]

**CL-19-0291-H**

by PLAINTIFF for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in HIDALGO County, Texas;

B.     Reasonable and necessary medical care and expenses which in all reasonable probability be incurred in the future;

C.     Physical pain and suffering in the past;

D.     Physical pain and suffering in the future;

E.     Physical impairment in the past;

F.     Physical impairment which, in all reasonable probability, will be suffered in the future;

G.     Loss of earnings in the past;

H.     Loss of earning capacity which will, in all probability, be incurred in the future;

I.     Mental anguish in the past;

J.     Mental anguish in the future;

K.     Property damage; and

L.     Loss of use

## IX. PRAYER

WHEREFORE, **PLAINTIFF** requests that **DEFENDANTS** be cited to appear and answer and that, on final trial, **PLAINTIFF** has the following:

A.     Judgment against **DEFENDANTS** in a monetary relief of $200,000.00 but no more than $1,000,000.00 within the jurisdictional limits of this court;

B.     Prejudgment and post judgment interest as provided by law; and

C.     Such other relief to which **PLAINTIFF** may be justly entitled.

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL.-19-0291-H

Respectfully submitted,

**LAW OFFICES OF MARIO DAVILA, PLLC**
P.O. Box 3726
McAllen, Texas 78502
Telephone (956) 322-8997
Facsimile (956) 682-3550

BY: ___/S/ *Mario Davila*___
     MARIO DAVILA
     Texas State Bar No.: 24045750
     EserviceMDLawLitigation@gmail.com
     Attorney for Plaintiff

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

# EXHIBIT "A"

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT ADAN PINA III

1.      Identify each person answering these Interrogatories, supplying information, or assisting in any way with the preparation of the Answers to these Interrogatories by:  full name, address, telephone number, job title, place of employment, date of birth and social security number.

**ANSWER:**

2.      Identify each person or entity with possession, custody or control of documents relevant to this lawsuit.

**ANSWER:**

3.      Please describe the educational background of DEFENDANT ADAN PINA III, by listing the names and locations of all educational institutions attended.  Identify any diplomas, degrees and/or certifications received and the dates of graduation.

**ANSWER:**

4.      Describe how the accident made the basis of this lawsuit occurred.  Include in your description the speed of the vehicles involved at the time of the accident made the basis of this lawsuit.

**ANSWER:**

5.      List each place DEFENDANT, ADAN PINA III, had been in the four-hour period before the subject accident, and whether he was acting within the course and scope of employment at the time of accident made the basis of this lawsuit.

**ANSWER:**

6.      If DEFENDANT, ADAN PINA III, was not an employee of DEFENDANT, GELCO FLEET TRUST AND DISH NETWORK LLC at the time of the subject accident, please describe the relationship of DEFENDANT, ADAN PINA III and DEFENDANT, GELCO FLEET TRUST AND DISH NETWORK LLC at the time of the accident made the basis of this lawsuit (i.e., agent, contractor, etc.).

**ANSWER:**

7.      State whether DEFENDANT, ADAN PINA III, has been charged, arrested, and/or convicted of any crimes and/or misdemeanors including any felonies of moral turpitude and any traffic violations, within ten (10) years of the date these Answers are filed and, if so, please state the date, the State and County of the offense, the nature of the charge, and the ultimate disposition of the case.

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

**ANSWER:**

8.    Has DEFENDANT ADAN PINA III, ever been involved in any accident either ten (10)
years prior to or subsequent accident made the basis of this lawsuit including, but not limited to,
motor vehicle accidents, on the job accidents, industrial accidents, home, recreational or sporting
accidents, or any other type of accidents.  If so, please state when such accident took place,
describe the nature of any injuries sustained in any such accident, and give the name, address and
telephone number of any health care provider who was consulted or who treated DEFENDANT,
ADAN PINA III for such injury.

**ANSWER:**

9.    Please state whether DEFENDANT, ADAN PINA III, has ever been involved in any
other incident while operating a vehicle owned, operated and maintained by DEFENDANT
GELCO FLEET TRUST AND DISH NETWORK LLC, at any time prior to or subsequent to the
subject accident of JANUARY 10, 2018. If so, please state the date of each accident, all parties
involved in each accident by full name and address, describe the nature of any injuries sustained
in each accident and whether a claim and/or lawsuit was filed against DEFENDANT GELCO
FLEET TRUST AND DISH NETWORK LLC and, if so, please provide the claim numbers
and/or Court and cause numbers for each lawsuit filed.

**ANSWER:**

10.    Please state in detail the employment history for DEFENDANT, ADAN PINA III, for the
last ten (10) years up to the date of the accident made the basis of this lawsuit, including the
names and addresses of all employers and immediate supervisors, job titles, specific job duties,
wages (hourly or weekly) or salary, and all reasons for leaving each employment.    If
DEFENDANT, ADAN PINA III, was self-employed during this period of time, please indicate
the periods of self-employment, the type of work performed, the rate of pay, the total amount of
wages received, and the reason for termination of that self-employment.

**ANSWER:**

11.    Has DEFENDANT, GELCO FLEET TRUST AND DISH NETWORK LLC, ever been a
party to a claim or lawsuit either prior to or subsequent to the present lawsuit or made a claim
with respect to personal injuries such as in the present cause?  If so, state the nature of the
lawsuit, the Court where each such lawsuit is pending or took place, and include the complete
style of the cause of action, the date each such lawsuit was filed, whether each lawsuit is pending
and, if not, the final disposition of the case.  If no lawsuit was filed, state the nature of each
personal injury claim, the result of the claim and the party to whom the claim was made.

**ANSWER:**

12.    Describe in detail any conversations DEFENDANT, ADAN PINA III or DEFENDANT,
GELCO FLEET TRUST AND DISH NETWORK LLC has had with Plaintiff or Plaintiff's
representatives at any time following the subject motor vehicle accident (i.e., at the scene of the

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

subject accident, immediately following the subject accident, or at any time since the occurrence of the subject motor vehicle accident).

**ANSWER:**

13.     Please identify, by name, business and residence address, and telephone number, each and every person who was responsible for the maintenance, inspection and safety of DEFENDANT'S GELCO FLEET TRUST AND DISH NETWORK LLC truck, tractor and/or trailer involved in the subject accident of JANUARY 10, 2018 at the time of the occurrence of the subject accident up to and including the present date.

**ANSWER:**

14.     Please state whether you contend that any of the following caused or contributed to the happening of the subject accident on JANUARY 10, 2018:

> (a)     Comparative negligence or other fault on the part of the Plaintiff;
>
> (b)     Comparative negligence or other fault on the part of Defendants; and/or
>
> (c)     Comparative negligence or fault, of any nature or description, on the part of any third party (including persons or entities not presently parties to this lawsuit). Please provide the full name and address and/or business address for each third party identified.

**ANSWER:**

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT ADAN PINA III

1.     Produce the complete <u>investigation file of your insurance company</u>, or of any insurance company, participating in any manner in the investigation or defense of this cause of action, (except for mental impressions and privileged communications with attorneys and statements made to the insurance company by the defendants) pertaining to their investigation of any issue in this case, including, but not limited to, any records obtained by any insurance adjuster or investigator, interoffice records, reports made by the plaintiff or any other non-defendant witness or entity to the agency or insurance company or their representatives that sold them liability insurance, communications or correspondence that contain relevant evidence or might lead to the discovery of relevant evidence on any issue in this cause.

**RESPONSE:**

2.     Produce copies of all reports, physical models, compilations of data, photographs and other material prepared by an expert or for an expert in anticipation of the expert's deposition

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

and/or trial testimony, including material prepared by an expert used for consultation if it forms a basis either in whole or in part of the opinions of any expert who is to be called as a witness.

**RESPONSE:**

3.      Produce copies of the files of all experts including, but not limited to, all working papers, notes, calculations, diagrams, photographs, models, exhibits and other documents, including reports and factual observations, prepared for or reviewed by an expert who will testify at trial.

**RESPONSE:**

4.      Produce copies of all reports, opinions and mental impressions by all consulting experts whose reports, opinions and mental impressions have been reviewed by testifying experts.

**RESPONSE:**

5.      Produce copies of all treatises, rules, regulations, guidelines, statutes, policies or procedures, and any other authoritative materials reviewed by any expert who will testify at trial.

**RESPONSE:**

6.      Produce copies of invoices, bills or other billing materials for each expert you expect to testify at trial, and for each consulting expert whose opinions or observations a testifying expert will review or has reviewed.

**RESPONSE:**

7.      Produce a copy of the *Curriculum Vitae*, if available, for each expert Defendants intend to utilize in this case.

**RESPONSE:**

8.      Produce copies of all statements, either oral or written, made by the Plaintiff or any representative on behalf of Plaintiff concerning the subject matter of this lawsuit.

**RESPONSE:**

9.      Produce copies of any and all correspondence, communications, letters, notes of oral communications, and all other documents or writings sent to or received from or exchanged by and between Defendants and Plaintiff or Plaintiff's representatives concerning the subject matter of this lawsuit.

**RESPONSE:**

10.     Produce copies of all agreements for settlement, indemnification, compromise, guarantee, or any other kind of agreement which you have entered into with any party or non-party, as a

Electronically Submitt<br>1/11/2019 3:41 P<br>Hidalgo County Cle<br>Accepted by: Samantha Martin

CL-19-0291-H

result of or relating to this lawsuit.

**RESPONSE:**

11.    Produce copies of all identifying documentation or materials in Defendants' possession pertaining to any non-party to this lawsuit named by Defendants that may be liable to Plaintiff for damages incurred as a result of the subject motor vehicle accident.

**RESPONSE:**

12.    Produce a copy of the title, registration, and any and all other identifying documentation pertaining to the vehicle of the vehicle that Defendant, ADAN PINA III, was operating at the time of the subject motor vehicle accident.

**RESPONSE:**

13.    Produce a copy of all inspection and maintenance records pertaining to the vehicle of the vehicle or vehicle that Defendant, ADAN PINA III, was operating at the time of the subject motor vehicle accident dated from JANUARY 10, 2018 up to and including July 28, 20014, the date of the subject motor vehicle accident.

**RESPONSE:**

14.    Produce a copy of Defendant, ADAN PINA III's personal driver's license and commercial driver's license.

**RESPONSE:**

15.    Produce a copy of Defendant, ADAN PINA III's social security card.

**RESPONSE:**

16.    Produce copies of all still and moving photographs that are relevant to any issue involved in this lawsuit including, but not limited to, photographs that depict the scene of the accident and/or vehicles, the median barrier involved in the accident, and individuals involved in the subject accident.

**RESPONSE:**

17.    Produce copies of all repair estimates, appraisals, receipts, repair bills and/or other documents that describe and/or in any way relate to the damage done to and/or repair done to Defendants' vehicle as a result of the accident made the basis of this lawsuit.

**RESPONSE:**

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

18.    Produce copies of all repair and maintenance records and vehicle inspections concerning Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC's vehicle involved in this cause, both two (2) years before and at all times after the subject accident.

**RESPONSE:**

19.    Produce copies of all drawings, maps, or sketches of the scene and/or vehicles involved in the subject accident.

**RESPONSE:**

20.    Produce copies of any surveillance movies, photographs or videotapes of Plaintiff or of the accident made the basis of this lawsuit.

**RESPONSE:**

21.    Produce a copy of any internal incident reports regarding the accident made the basis of this lawsuit which were made by Defendant and/or representatives of Defendant.

**RESPONSE:**

22.    Produce a copy of any citation and/or any final judgments received by any party as a result of the subject accident.

**RESPONSE:**

23.    Produce copies of all documentation in the possession of Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC pertaining to Defendant, ADAN PINA III including, but not limited to, his entire personnel and/or employment files including, but not limited to, all medical physicals, medical examiner's certificates, checkups and drug testing, all past employment records, all disciplinary notices of reprimands, applications and follow-up reference reports and/or investigation of ADAN PINA III, contractor agreements, payroll records, time cards, etc.).

**RESPONSE:**

24.    Produce a copy of Defendant, ADAN PINA III's payroll records containing dates and times on and off from work from January 1, 2018 to January 31, 2018.

**RESPONSE:**

25.    Produce a copy of any and all documents or exhibits Defendant intends to utilize at trial.

**RESPONSE:**

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martin

CL-19-0291-H

26.    Produce a certified copy of each and every policy of insurance which may provide coverage to Defendants with respect to the subject motor vehicle accident, including all primary, excess or umbrella policies.

**RESPONSE:**

27.    Produce a copy of Defendant, ADAN PINA III's log book, if any, from January 1, 2018 to January 31, 2018.

**RESPONSE:**

28.    Produce the original or a copy of the log book for Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC's, vehicle involved in the subject accident on JANUARY 10, 2018.

**RESPONSE:**

29.    Produce a copy of the State of Texas and United States Department of Transportation reports, if any, filled out by Defendant, ADAN PINA III pertaining to the subject motor vehicle accident.

**RESPONSE:**

30.    Produce any and all documents or materials (including, but not limited to, driving manuals, safety manuals, policy manuals, maintenance manuals, reports, training videos or materials, memoranda, letters, notes or other data) related to the operation, maintenance, repair or use of the vehicle driven by Defendant, ADAN PINA III, at the time of the subject accident, in effect on or about JANUARY 10, 2018, and all subsequent versions of each document to the present date.

**RESPONSE:**

31.    Produce any and all materials provided by Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC to Defendant, ADAN PINA III, pertaining to the operation of the vehicle involved in the subject accident including, but not limited to, driving and safety instructions and manuals, safety videotapes, operations guides, etc., in effect on or about JANUARY 10, 2018, and all subsequent versions of each to the present date.

**RESPONSE:**

32.    Produce a copy of the employee rules which govern the compliance with Federal Highway Administration-Department of Transportation, Texas Department of Transportation, U.S. Department of Transportation, Code of Federal Regulations Section 395 styled "Hours of Service of Drivers" and any like State of Texas regulations to the same effect.

**RESPONSE:**

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

33.     Produce a copy of the duty status reports of Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC's driver, Defendant, ADAN PINA III, dated from January 1, 2018 thrpough January 31, 2018 and all Daily Log documents (i.e., Form MCS-59 and/or the Multi-day Log, MCS-139, MCS-139A, etc.).

**RESPONSE:**

34.     Produce a copy of any and all contingent agreements including, but not limited to, trip lease agreements, independent contractor agreements and employment agreements between Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC and its driver, Defendant, ADAN PINA III.

**RESPONSE:**

35.     Produce a copy of the route slip(s) for the twenty-four (24) hour period of time before 8:21 a.m. on JANUARY 10, 2018 and for the twelve (12) hour period following.

**RESPONSE:**

36.     Produce a copy of Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC's daily vehicle inspection reports pertaining to the vehicle involved in the accident of JANUARY 10, 2018 dated from January 1, 2018 through January 31, 2018, including all records that verify safety defects and certified corrections of safety defects.

**RESPONSE:**

37.     Produce any and all documents (from January 1, 2018 to January 31, 2018) relating to Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC's vehicle (which includes vehicle unit) which was involved in the JANUARY 10, 2018 accident including, but not limited to, state entrance records, satellite tracking records, checkpoint records, fuel receipts, toll tickets, fuel tax records, federal use tax records, gross receipts tax records for state filing, state permits, weigh tickets, mileage records, company regulatory compliance records, dispatch records and phone logs and bills.

**RESPONSE:**

38.     Produce any and all records, bills, hospital records, medical records, receipts, pharmacy records, or any other similar records generated as a result of any non-party requests for production relating to Plaintiff's injuries.

**RESPONSE:**

39.     Produce any and all documents (including, but not limited to, police reports, traffic tickets, violations and/or citations) pertaining to Defendant, ADAN PINA III's and any criminal activity or history, including any arrests or convictions of any misdemeanor or felony crimes.

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

**RESPONSE:**

40.     Produce a copy of each and every document requested to be identified, which was identified or which was referred to in Defendants' Answers to Plaintiff's Interrogatories.

**RESPONSE:**

## PLAINTIFF'S REQUEST FOR ADMISSIONS
## TO DEFENDANT ADAN PINA III

1.     Admit that on JANUARY 10, 2018 a collision occurred between a vehicle driven by ADAN PINA III and/or owned by Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC and a vehicle in which PLAINTIFF was driving.

ANSWER

ADMIT/DENY    CHOOSE ONE

2.     Admit that the collision occurred on the 500 Block of Expressway 83 and the 700 Block of Tower Blvd, in Alamo, Hidalgo Texas.

ANSWER

ADMIT/DENY    CHOOSE ONE

3.     Admit DEFENDANT'S GELCO FLEET TRUST AND DISH NETWORK LLC vehicle was driven by DEFENDANT, ADAN PINA III at the time of the impact.

ANSWER

ADMIT/DENY    CHOOSE ONE

4.     Admit that the DEFENDANT ADAN PINA III'S vehicle was driving suffered visible damage.

ANSWER

ADMIT/DENY    CHOOSE ONE

5.     Admit that the vehicle PLAINTIFF, ADAN PINA III was driving suffered visible damage.

ANSWER

ADMIT/DENY    CHOOSE ONE

Electronically Submitt[...]
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martin[...]

CL-19-0291-H

6.    Admit that DEFENDANT, ADAN PINA III consumed alcoholic beverages within 24 hours prior to the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

7.    Admit that the PLAINTIFF'S vehicle was towed from the scene of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

8.    Admit that the DEFENDANT'S vehicle was towed from the scene of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

9.    Admit that DEFENDANT ADAN PINA III'S failure to keep a proper lookout was a proximate cause of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

10.    Admit that you had the last clear chance to avoid the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

11.    Admit that DEFENDANT ADAN PINA III failure to control speed was a proximate cause of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

12.    Admit that Defendant, ADAN PINA III's failure to timely apply your brakes was the proximate cause of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

13.     Do you admit that Defendant ADAN PINA III was negligent with respect to the occurrence of the collision?

ANSWER

ADMIT/DENY    CHOOSE ONE

14.     Admit that DEFENDANT ADAN PINA III was more than 50% in causing the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

15.     Admit that the cause of that collision was NOT due to a sudden emergency.

ANSWER

ADMIT/DENY    CHOOSE ONE

16.     Admit that the cause of the collision was NOT unavoidable.

ANSWER

ADMIT/DENY    CHOOSE ONE

17.     Admit that you are aware the policy limits demand has been made against your insurance company for payment and resolution of this lawsuit.

ANSWER

ADMIT/DENY    CHOOSE ONE

18.     Admit that you understand that if the jury awards PLAINTIFF any amount over policy limits that you will be personally responsible for such amounts.

ANSWER

ADMIT/DENY    CHOOSE ONE

19.     Admit that you understand that your insurance company has refused to tender or pay those funds, thereby subjecting your personal assets to risk of execution and foreclosure.

ANSWER

ADMIT/DENY    CHOOSE ONE

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

20.    Admit that PLAINTIFF'S injuries were not the result of a pre-existing injury and/or conditions and not related to the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

21.    Admit that the weather did not play a role in this collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

22.    Admit that the road condition did not play a role in this collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

23.    Admit that DEFENDANT, ADAN PINA III was not driving under emergency conditions prior to the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

24.    Admit that at least one person in the collision could have avoided the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

25.    Admit that DEFENDANT, ADAN PINA III could have avoided the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

26.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF could have avoided the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

27.    Admit that DEFENDANT, ADAN PINA III could have avoided the collision.

Electronically Submitt(
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martin(

### CL-19-0291-H

ANSWER

ADMIT/DENY   CHOOSE ONE

28.   Admit that PLAINTIFF' injuries were not the result of injuries sustained subsequent to and not related to the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

29.   Admit that DEFEDANTS have no facts to support a contention that PLAINTIFF' injuries were not the result of injuries sustained subsequent to and not related to the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

30.   Admit that the negligence of PLAINTIFF if any, did not proximately cause the collision made the basis of this suit.

ANSWER

ADMIT/DENY   CHOOSE ONE

31.   Admit that PLAINTIFF did not fail to take evasive action.

ANSWER

ADMIT/DENY   CHOOSE ONE

32.   Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF did not fail to take evasive action.

ANSWER

ADMIT/DENY   CHOOSE ONE

33.   Admit that DEFENDANT ADAN PINA III failed to take evasive action.

ANSWER

ADMIT/DENY   CHOOSE ONE

34.   Admit that PLAINTIFF JOSE CONEJO did not fail to timely apply his brakes.

Electronically Submitt(
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martin(

**CL-19-0291-H**

ANSWER

ADMIT/DENY   CHOOSE ONE

35.   Admit that DEFENDANT ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to timely apply his brakes.

ANSWER

ADMIT/DENY   CHOOSE ONE

36.   Admit that DEFENDANT ADAN PINA III failed to timely apply his brakes.

ANSWER

ADMIT/DENY   CHOOSE ONE

37.   Admit that PLAINTIFF JOSE CONEJO did not fail to control his speed.

ANSWER

ADMIT/DENY   CHOOSE ONE

38.   Admit that DEFENDANT ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to control his speed.

ANSWER

ADMIT/DENY   CHOOSE ONE

39.   Admit that DEFENDANT ADAN PINA III failed to control his speed.

ANSWER

ADMIT/DENY   CHOOSE ONE

40.   Admit that PLAINTIFF JOSE CONEJO did not drive at an excessive rate of speed (too slow or too fast).

ANSWER

ADMIT/DENY   CHOOSE ONE

41.   Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not drive at an excessive rate of speed (too slow or too fast).

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

## CL-19-0291-H

ANSWER

ADMIT/DENY    CHOOSE ONE

42.    Admit that DEFENDANT, ADAN PINA III drove at an excessive rate of speed (too slow or too fast).
ANSWER

ADMIT/DENY    CHOOSE ONE

43.    Admit that PLAINTIFF JOSE CONEJO did not fail to sound his horn and give warning.

ANSWER

ADMIT/DENY    CHOOSE ONE

44.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to sound his horn and give warning.

ANSWER

ADMIT/DENY    CHOOSE ONE

45.    Admit that DEFENDANT, ADAN PINA III failed to sound his horn and give warning.

ANSWER

ADMIT/DENY    CHOOSE ONE

46.    Admit that PLAINTIFF JOSE CONEJO did not fail to maintain a proper lookout.

ANSWER

ADMIT/DENY    CHOOSE ONE

47.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to maintain a proper lookout.

ANSWER

ADMIT/DENY    CHOOSE ONE

48.    Admit that DEFENDANT, ADAN PINA III failed to maintain a proper lookout.

ANSWER

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

ADMIT/DENY   CHOOSE ONE

49.   Admit that PLAINTIFF JOSE CONEJO did not fail to maintain a safe and proper distance from the Plaintiff's vehicle.

ANSWER

ADMIT/DENY   CHOOSE ONE

50.   Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to maintain a safe and proper distance from the Plaintiff's vehicle.

ANSWER

ADMIT/DENY   CHOOSE ONE

51.   Admit that DEFENDANT, ADAN PINA III failed to maintain a safe and proper distance from the Plaintiff's vehicle.

ANSWER

ADMIT/DENY   CHOOSE ONE

52.   Admit that PLAINTIFF JOSE CONEJO did not fail to maintain his brakes and/or other parts of his vehicle.

ANSWER

ADMIT/DENY   CHOOSE ONE

53.   Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to maintain his brakes and/or other parts of his vehicle.

ANSWER

ADMIT/DENY   CHOOSE ONE

54.   Admit that DEFENDANT, ADAN PINA III failed to maintain his brakes and/or other parts of his vehicle.

ANSWER

ADMIT/DENY   CHOOSE ONE

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

55.     Admit that PLAINTIFF JOSE CONEJO did not fail to drive in a reasonably prudent driver would have driven under the same or similar circumstances.

ANSWER

ADMIT/DENY   CHOOSE ONE

56.     Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to drive in a reasonably prudent driver would have driven under the same or similar circumstances.

ANSWER

ADMIT/DENY   CHOOSE ONE

57.     Admit that DEFENDANT, ADAN PINA III failed to drive in a reasonably prudent driver would have driven under the same or similar circumstances.

ANSWER

ADMIT/DENY   CHOOSE ONE

58.     Admit that the collision made this basis of this suit was not an unavoidable collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

59.     Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that the collision made this basis of this suit was not an unavoidable collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

60.     Admit that the incident made the basis of this lawsuit was not caused by Plaintiff's failure to exercise ordinary care.

ANSWER

ADMIT/DENY   CHOOSE ONE

61.     Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that the incident made the basis of this lawsuit was not caused by Plaintiff's failure to exercise ordinary care.

ANSWER

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

ADMIT/DENY   CHOOSE ONE

62.    Admit that medical treatment received by PLAINTIFF JOSE CONEJO was necessary.

ANSWER

ADMIT/DENY   CHOOSE ONE

63.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that medical treatment received by PLAINTIFF JOSE CONEJO was necessary.

ANSWER

ADMIT/DENY   CHOOSE ONE

64.    Admit that charges for the medical treatment received by PLAINTIFF JOSE CONEJO were reasonable.

ANSWER

ADMIT/DENY   CHOOSE ONE

65.    Admit that DEFENDANT, has no facts to support a contention that charges for the medical treatment received by PLAINTIFF JOSE CONEJO were reasonable.

ANSWER

ADMIT/DENY   CHOOSE ONE

66.    Admit that Defendant, ADAN PINA III failed to keep a proper lookout at the 500 Block of Expressway 83 and the 700 Block of Tower Blvd, in Alamo, Hidalgo Texas.

ANSWER

ADMIT/DENY   CHOOSE ONE

67.    Admit that DEFENDANT, ADAN PINA III pulled out in front of the vehicle driven by Plaintiff.

ANSWER

ADMIT/DENY   CHOOSE ONE

68.    Admit that DEFENDANT, ADAN PINA III pulled out in front of Plaintiff causing this incident.

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

ANSWER

ADMIT/DENY    CHOOSE ONE

69.    Admit that Defendant fled the scene.

ANSWER

ADMIT/DENY    CHOOSE ONE

70.    Admit that Defendant fled the scene knowing there had been an accident.

ANSWER

ADMIT/DENY    CHOOSE ONE

71.    Admit that DEFENDANT, ADAN PINA III personally answered these admissions.

ANSWER

ADMIT/DENY    CHOOSE ONE

72.    Admit that DEFENDANT, ADAN PINA III's lawyer answered these admissions.

ANSWER

ADMIT/DENY    CHOOSE ONE

73.    Admit that Defendant, ADAN PINA III was not properly trained by Defendant GELCO FLEET TRUST AND DISH NETWORK LLC.

ANSWER

ADMIT/DENY    CHOOSE ONE

74.    Admit that Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC did not provide adequate training for drivers on procedures after an accident.

ANSWER

ADMIT/DENY    CHOOSE ONE

75.    Admit that Defendant GELCO FLEET TRUST AND DISH NETWORK LLC did not adequately maintain their vehicles.

ANSWER

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

ADMIT/DENY   CHOOSE ONE

76.   Admit that Defendant GELCO FLEET TRUST AND DISH NETWORK LLC is the owner of the vehicle which was involved in this collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

77.   Admit that Defendant, ADAN PINA III was an unlicensed driver at the time of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

78.   Admit that Defendant ADAN PINA III was an incompetent driver at the time of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

79.   Admit that Defendant ADAN PINA III was a reckless driver at the time of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

80.   Admit that Defendant ADAN PINA III negligence caused the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

81.   Admit that Plaintiffs were not negligent at the time of the collision made the basis of this lawsuit.

ANSWER

ADMIT/DENY   CHOOSE ONE

82.   Admit that Defendant ADAN PINA III failed to operate the vehicle as a prudent driver on or about JANUARY 10, 2018.

ANSWER

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

ADMIT/DENY  CHOOSE ONE

83.    Admit that Defendant ADAN PINA III was driving while intoxicated.

ANSWER

ADMIT/DENY   CHOOSE ONE

84.    Admit that Defendant ADAN PINA III has a propensity to drive a motor vehicle while under the influence of alcohol on or about the date of this incident made the basis of this law suit.

ANSWER

ADMIT/DENY   CHOOSE ONE

85.    Admit that Defendant ADAN PINA III had consumed alcohol within four (4) hours before the incident made the basis of this lawsuit.

ANSWER

ADMIT/DENY   CHOOSE ONE

86.    Admit that Defendant ADAN PINA III was under the scope of employment with Defendant GELCO FLEET TRUST AND DISH NETWORK LLC at the time of this incident.

ANSWER

ADMIT/DENY   CHOOSE ONE

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martin

**CL-19-0291-H**

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT GELCO FLEET TRUST

1.      Identify each person answering these Interrogatories, supplying information, or assisting in any way with the preparation of the Answers to these Interrogatories by:  full name, address, telephone number, job title, place of employment, date of birth and social security number.

**ANSWER:**

2.   ·   Identify each person or entity with possession, custody or control of documents relevant to this lawsuit.

**ANSWER:**

3.      Please describe the educational background of DEFENDANT ADAN PINA III, by listing the names and locations of all educational institutions attended.  Identify any diplomas, degrees and/or certifications received and the dates of graduation.

**ANSWER:**

4.      Describe how the accident made the basis of this lawsuit occurred.  Include in your description the speed of the vehicles involved at the time of the accident made the basis of this lawsuit.

**ANSWER:**

5.      List each place DEFENDANT, ADAN PINA III, had been in the four-hour period before the subject accident, and whether he was acting within the course and scope of employment at the time of accident made the basis of this lawsuit.

**ANSWER:**

6.      If DEFENDANT, ADAN PINA III, was not an employee of DEFENDANT, GELCO FLEET TRUST AND DISH NETWORK LLC at the time of the subject accident, please describe the relationship of DEFENDANT, ADAN PINA III and DEFENDANT, GELCO FLEET TRUST AND DISH NETWORK LLC at the time of the accident made the basis of this lawsuit (i.e., agent, contractor, etc.).

**ANSWER:**

7.      State whether DEFENDANT, ADAN PINA III, has been charged, arrested, and/or convicted of any crimes and/or misdemeanors including any felonies of moral turpitude and any traffic violations, within ten (10) years of the date these Answers are filed and, if so, please state the date, the State and County of the offense, the nature of the charge, and the ultimate disposition of the case.

Electronically Submitt...
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martin...

CL.-19-0291-H

**ANSWER:**

8.    Has DEFENDANT ADAN PINA III, ever been involved in any accident either ten (10) years prior to or subsequent accident made the basis of this lawsuit including, but not limited to, motor vehicle accidents, on the job accidents, industrial accidents, home, recreational or sporting accidents, or any other type of accidents. If so, please state when such accident took place, describe the nature of any injuries sustained in any such accident, and give the name, address and telephone number of any health care provider who was consulted or who treated DEFENDANT, ADAN PINA III for such injury.

**ANSWER:**

9.    Please state whether DEFENDANT, ADAN PINA III, has ever been involved in any other incident while operating a vehicle owned, operated and maintained by DEFENDANT GELCO FLEET TRUST AND DISH NETWORK LLC, at any time prior to or subsequent to the subject accident of JANUARY 10, 2018. If so, please state the date of each accident, all parties involved in each accident by full name and address, describe the nature of any injuries sustained in each accident and whether a claim and/or lawsuit was filed against DEFENDANT GELCO FLEET TRUST AND DISH NETWORK LLC and, if so, please provide the claim numbers and/or Court and cause numbers for each lawsuit filed.

**ANSWER:**

10.    Please state in detail the employment history for DEFENDANT, ADAN PINA III, for the last ten (10) years up to the date of the accident made the basis of this lawsuit, including the names and addresses of all employers and immediate supervisors, job titles, specific job duties, wages (hourly or weekly) or salary, and all reasons for leaving each employment. If DEFENDANT, ADAN PINA III, was self-employed during this period of time, please indicate the periods of self-employment, the type of work performed, the rate of pay, the total amount of wages received, and the reason for termination of that self-employment.

**ANSWER:**

11.    Has DEFENDANT, GELCO FLEET TRUST AND DISH NETWORK LLC, ever been a party to a claim or lawsuit either prior to or subsequent to the present lawsuit or made a claim with respect to personal injuries such as in the present cause? If so, state the nature of the lawsuit, the Court where each such lawsuit is pending or took place, and include the complete style of the cause of action, the date each such lawsuit was filed, whether each lawsuit is pending and, if not, the final disposition of the case. If no lawsuit was filed, state the nature of each personal injury claim, the result of the claim and the party to whom the claim was made.

**ANSWER:**

12.    Describe in detail any conversations DEFENDANT, ADAN PINA III or DEFENDANT, GELCO FLEET TRUST AND DISH NETWORK LLC has had with Plaintiff or Plaintiff's representatives at any time following the subject motor vehicle accident (i.e., at the scene of the

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

subject accident, immediately following the subject accident, or at any time since the occurrence of the subject motor vehicle accident).

**ANSWER:**

13.     Please identify, by name, business and residence address, and telephone number, each and every person who was responsible for the maintenance, inspection and safety of DEFENDANT'S GELCO FLEET TRUST AND DISH NETWORK LLC truck, tractor and/or trailer involved in the subject accident of JANUARY 10, 2018 at the time of the occurrence of the subject accident up to and including the present date.

**ANSWER:**

14.     Please state whether you contend that any of the following caused or contributed to the happening of the subject accident on JANUARY 10, 2018:

      (a)     Comparative negligence or other fault on the part of the Plaintiff;

      (b)     Comparative negligence or other fault on the part of Defendants; and/or

      (c)     Comparative negligence or fault, of any nature or description, on the part of any third party (including persons or entitles not presently parties to this lawsuit). Please provide the full name and address and/or business address for each third party identified.

**ANSWER:**


## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT GELCO FLEET TRUST

1.     Produce the complete <u>investigation file of your insurance company</u>, or of any insurance company, participating in any manner in the investigation or defense of this cause of action, (except for mental impressions and privileged communications with attorneys and statements made to the insurance company by the defendants) pertaining to their investigation of any issue in this case, including, but not limited to, any records obtained by any insurance adjuster or investigator, interoffice records, reports made by the plaintiff or any other non-defendant witness or entity to the agency or insurance company or their representatives that sold them liability insurance, communications or correspondence that contain relevant evidence or might lead to the discovery of relevant evidence on any issue in this cause.

**RESPONSE:**

2.     Produce copies of all reports, physical models, compilations of data, photographs and other material prepared by an expert or for an expert in anticipation of the expert's deposition

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

and/or trial testimony, including material prepared by an expert used for consultation if it forms a basis either in whole or in part of the opinions of any expert who is to be called as a witness.

**RESPONSE:**

3.     Produce copies of the files of all experts including, but not limited to, all working papers, notes, calculations, diagrams, photographs, models, exhibits and other documents, including reports and factual observations, prepared for or reviewed by an expert who will testify at trial.

**RESPONSE:**

4.     Produce copies of all reports, opinions and mental impressions by all consulting experts whose reports, opinions and mental impressions have been reviewed by testifying experts.

**RESPONSE:**

5.     Produce copies of all treatises, rules, regulations, guidelines, statutes, policies or procedures, and any other authoritative materials reviewed by any expert who will testify at trial.

**RESPONSE:**

6.     Produce copies of invoices, bills or other billing materials for each expert you expect to testify at trial, and for each consulting expert whose opinions or observations a testifying expert will review or has reviewed.

**RESPONSE:**

7.     Produce a copy of the *Curriculum Vitae*, if available, for each expert Defendants intend to utilize in this case.

**RESPONSE:**

8.     Produce copies of all statements, either oral or written, made by the Plaintiff or any representative on behalf of Plaintiff concerning the subject matter of this lawsuit.

**RESPONSE:**

9.     Produce copies of any and all correspondence, communications, letters, notes of oral communications, and all other documents or writings sent to or received from or exchanged by and between Defendants and Plaintiff or Plaintiff's representatives concerning the subject matter of this lawsuit.

**RESPONSE:**

10.     Produce copies of all agreements for settlement, indemnification, compromise, guarantee, or any other kind of agreement which you have entered into with any party or non-party, as a

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

result of or relating to this lawsuit.

**RESPONSE:**

11.    Produce copies of all identifying documentation or materials in Defendants' possession pertaining to any non-party to this lawsuit named by Defendants that may be liable to Plaintiff for damages incurred as a result of the subject motor vehicle accident.

**RESPONSE:**

12.    Produce a copy of the title, registration, and any and all other identifying documentation pertaining to the vehicle of the vehicle that Defendant, ADAN PINA III, was operating at the time of the subject motor vehicle accident.

**RESPONSE:**

13.    Produce a copy of all inspection and maintenance records pertaining to the vehicle of the vehicle or vehicle that Defendant, ADAN PINA III, was operating at the time of the subject motor vehicle accident dated from JANUARY 10, 2018 up to and including July 28, 20014, the date of the subject motor vehicle accident.

**RESPONSE:**

14.    Produce a copy of Defendant, ADAN PINA III's personal driver's license and commercial driver's license.

**RESPONSE:**

15.    Produce a copy of Defendant, ADAN PINA III's social security card.

**RESPONSE:**

16.    Produce copies of all still and moving photographs that are relevant to any issue involved in this lawsuit including, but not limited to, photographs that depict the scene of the accident and/or vehicles, the median barrier involved in the accident, and individuals involved in the subject accident.

**RESPONSE:**

17.    Produce copies of all repair estimates, appraisals, receipts, repair bills and/or other documents that describe and/or in any way relate to the damage done to and/or repair done to Defendants' vehicle as a result of the accident made the basis of this lawsuit.

**RESPONSE:**

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

18.    Produce copies of all repair and maintenance records and vehicle inspections concerning Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC's vehicle involved in this cause, both two (2) years before and at all times after the subject accident.

**RESPONSE:**

19.    Produce copies of all drawings, maps, or sketches of the scene and/or vehicles involved in the subject accident.

**RESPONSE:**

20.    Produce copies of any surveillance movies, photographs or videotapes of Plaintiff or of the accident made the basis of this lawsuit.

**RESPONSE:**

21.    Produce a copy of any internal incident reports regarding the accident made the basis of this lawsuit which were made by Defendant and/or representatives of Defendant.

**RESPONSE:**

22.    Produce a copy of any citation and/or any final judgments received by any party as a result of the subject accident.

**RESPONSE:**

23.    Produce copies of all documentation in the possession of Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC pertaining to Defendant, ADAN PINA III including, but not limited to, his entire personnel and/or employment files including, but not limited to, all medical physicals, medical examiner's certificates, checkups and drug testing, all past employment records, all disciplinary notices of reprimands, applications and follow-up reference reports and/or investigation of ADAN PINA III, contractor agreements, payroll records, time cards, etc.).

**RESPONSE:**

24.    Produce a copy of Defendant, ADAN PINA III's payroll records containing dates and times on and off from work from January 1, 2018 to January 31, 2018.

**RESPONSE:**

25.    Produce a copy of any and all documents or exhibits Defendant intends to utilize at trial.

**RESPONSE:**

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

26.     Produce a certified copy of each and every policy of insurance which may provide coverage to Defendants with respect to the subject motor vehicle accident, including all primary, excess or umbrella policies.

**RESPONSE:**

27.     Produce a copy of Defendant, ADAN PINA III's log book, if any, from January 1, 2018 to January 31, 2018.

**RESPONSE:**

28.     Produce the original or a copy of the log book for Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC's, vehicle involved in the subject accident on JANUARY 10, 2018.

**RESPONSE:**

29.     Produce a copy of the State of Texas and United States Department of Transportation reports, if any, filled out by Defendant, ADAN PINA III pertaining to the subject motor vehicle accident.

**RESPONSE:**

30.     Produce any and all documents or materials (including, but not limited to, driving manuals, safety manuals, policy manuals, maintenance manuals, reports, training videos or materials, memoranda, letters, notes or other data) related to the operation, maintenance, repair or use of the vehicle driven by Defendant, ADAN PINA III, at the time of the subject accident, in effect on or about JANUARY 10, 2018, and all subsequent versions of each document to the present date.

**RESPONSE:**

31.     Produce any and all materials provided by Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC to Defendant, ADAN PINA III, pertaining to the operation of the vehicle involved in the subject accident including, but not limited to, driving and safety instructions and manuals, safety videotapes, operations guides, etc., in effect on or about November 5, 2014, and all subsequent versions of each to the present date.

**RESPONSE:**

32.     Produce a copy of the employee rules which govern the compliance with Federal Highway Administration-Department of Transportation, Texas Department of Transportation, U.S. Department of Transportation, Code of Federal Regulations Section 395 styled "Hours of Service of Drivers" and any like State of Texas regulations to the same effect.

**RESPONSE:**

Electronically Submitt(
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

33.     Produce a copy of the duty status reports of Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC's driver, Defendant, ADAN PINA III, dated from January 1, 2018 to January 31, 2018 and all Daily Log documents (i.e., Form MCS-59 and/or the Multi-day Log, MCS-139, MCS-139A, etc.).

**RESPONSE:**

34.     Produce a copy of any and all contingent agreements including, but not limited to, trip lease agreements, independent contractor agreements and employment agreements between Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC and its driver, Defendant, ADAN PINA III.

**RESPONSE:**

35.     Produce a copy of the route slip(s) for the twenty-four (24) hour period of time before 8:21 a.m. on JANUARY 10, 2018 and for the twelve (12) hour period following.

**RESPONSE:**

36.     Produce a copy of Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC's daily vehicle inspection reports pertaining to the vehicle involved in the accident of JANUARY 10, 2018 dated from January 1, 2018 to January 31, 2018, including all records that verify safety defects and certified corrections of safety defects.

**RESPONSE:**

37.     Produce any and all documents (from January 1, 2018 to January 31, 2018) relating to Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC's vehicle (which includes vehicle unit) which was involved in the JANUARY 10, 2018 accident including, but not limited to, state entrance records, satellite tracking records, checkpoint records, fuel receipts, toll tickets, fuel tax records, federal use tax records, gross receipts tax records for state filing, state permits, weigh tickets, mileage records, company regulatory compliance records, dispatch records and phone logs and bills.

**RESPONSE:**

38.     Produce any and all records, bills, hospital records, medical records, receipts, pharmacy records, or any other similar records generated as a result of any non-party requests for production relating to Plaintiff's injuries.

**RESPONSE:**

39.     Produce any and all documents (including, but not limited to, police reports, traffic tickets, violations and/or citations) pertaining to Defendant, ADAN PINA III's and any criminal activity or history, including any arrests or convictions of any misdemeanor or felony crimes.

Electronically Submitt(
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martin(

**CL.-19-0291-H**

**RESPONSE:**

40.     Produce a copy of each and every document requested to be identified, which was identified or which was referred to in Defendants' Answers to Plaintiff's Interrogatories.

**RESPONSE:**


## PLAINTIFF'S REQUEST FOR ADMISSIONS
## TO DEFENDANT GELCO FLEET TRUST

1.      Admit that on JANUARY 10, 2018 a collision occurred between a vehicle driven by ADAN PINA III and/or owned by Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC and a vehicle in which PLAINTIFFS were driving.

**ANSWER**

ADMIT/DENY   CHOOSE ONE

2.      Admit that the collision occurred on the 500 Block of Expressway 83 and the 700 Block of Tower Blvd, in Alamo, Hidalgo Texas.

**ANSWER**

ADMIT/DENY   CHOOSE ONE

3.      Admit DEFENDANT'S GELCO FLEET TRUST AND DISH NETWORK LLC vehicle was driven by DEFENDANT, ADAN PINA III at the time of the impact.

**ANSWER**

ADMIT/DENY   CHOOSE ONE

4.      Admit that the DEFENDANT ADAN PINA III'S vehicle was driving suffered visible damage.

**ANSWER**

ADMIT/DENY   CHOOSE ONE

5.      Admit that the vehicle PLAINTIFF, ADAN PINA III was driving suffered visible damage.

**ANSWER**

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

ADMIT/DENY     CHOOSE ONE

6.      Admit that DEFENDANT, ADAN PINA III consumed alcoholic beverages within 24 hours prior to the collision.

ANSWER

ADMIT/DENY     CHOOSE ONE

7.      Admit that the PLAINTIFF'S vehicle was towed from the scene of the collision.

ANSWER

ADMIT/DENY     CHOOSE ONE

8.      Admit that the DEFENDANT'S vehicle was towed from the scene of the collision.

ANSWER

ADMIT/DENY     CHOOSE ONE

9.      Admit that DEFENDANT ADAN PINA III'S failure to keep a proper lookout was a proximate cause of the collision.

ANSWER

ADMIT/DENY     CHOOSE ONE

10.     Admit that you had the last clear chance to avoid the collision.

ANSWER

ADMIT/DENY     CHOOSE ONE

11.     Admit that DEFENDANT ADAN PINA III failure to control speed was a proximate cause of the collision.

ANSWER

ADMIT/DENY     CHOOSE ONE

12.     Admit that Defendant, ADAN PINA III's failure to timely apply your brakes was the proximate cause of the collision.

ANSWER

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

ADMIT/DENY   CHOOSE ONE

13.   Do you admit that Defendant ADAN PINA III was negligent with respect to the occurrence of the collision?

ANSWER

ADMIT/DENY   CHOOSE ONE

14.   Admit that DEFENDANT ADAN PINA III was more than 50% in causing the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

15.   Admit that the cause of that collision was NOT due to a sudden emergency.

ANSWER

ADMIT/DENY   CHOOSE ONE

16.   Admit that the cause of the collision was NOT unavoidable.

ANSWER

ADMIT/DENY   CHOOSE ONE

17.   Admit that you are aware the policy limits demand has been made against your insurance company for payment and resolution of this lawsuit.

ANSWER

ADMIT/DENY   CHOOSE ONE

18.   Admit that you understand that if the jury awards PLAINTIFF any amount over policy limits that you will be personally responsible for such amounts.

ANSWER

ADMIT/DENY   CHOOSE ONE

19.   Admit that you understand that your insurance company has refused to tender or pay those funds, thereby subjecting your personal assets to risk of execution and foreclosure.

ANSWER

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martin

CL-19-0291-H

ADMIT/DENY   CHOOSE ONE

20.    Admit that PLAINTIFF'S injuries were not the result of a pre-existing injury and/or conditions and not related to the collision.

<u>ANSWER</u>

ADMIT/DENY   CHOOSE ONE

21.    Admit that the weather did not play a role in this collision.

<u>ANSWER</u>

ADMIT/DENY   CHOOSE ONE

22.    Admit that the road condition did not play a role in this collision.

<u>ANSWER</u>

ADMIT/DENY   CHOOSE ONE

23.    Admit that DEFENDANT, ADAN PINA III was not driving under emergency conditions prior to the collision.

<u>ANSWER</u>

ADMIT/DENY   CHOOSE ONE

24.    Admit that at least one person in the collision could have avoided the collision.

<u>ANSWER</u>

ADMIT/DENY   CHOOSE ONE

25.    Admit that DEFENDANT, ADAN PINA III could have avoided the collision.

<u>ANSWER</u>

ADMIT/DENY   CHOOSE ONE

26.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF could have avoided the collision.

<u>ANSWER</u>

ADMIT/DENY   CHOOSE ONE

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

27.    Admit that DEFENDANT, ADAN PINA III could have avoided the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

28.    Admit that PLAINTIFF' injuries were not the result of injuries sustained subsequent to and not related to the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

29.    Admit that DEFEDANTS have no facts to support a contention that PLAINTIFF' injuries were not the result of injuries sustained subsequent to and not related to the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

30.    Admit that the negligence of PLAINTIFF if any, did not proximately cause the collision made the basis of this suit.

ANSWER

ADMIT/DENY    CHOOSE ONE

31.    Admit that PLAINTIFF did not fail to take evasive action.

ANSWER

ADMIT/DENY    CHOOSE ONE

32.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF did not fail to take evasive action.

ANSWER

ADMIT/DENY    CHOOSE ONE

33.    Admit that DEFENDANT ADAN PINA III failed to take evasive action.

ANSWER

ADMIT/DENY    CHOOSE ONE

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

34.     Admit that PLAINTIFF JOSE CONEJO did not fail to timely apply his brakes.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

35.     Admit that DEFENDANT ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to timely apply his brakes.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

36.     Admit that DEFENDANT ADAN PINA III failed to timely apply his brakes.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

37.     Admit that PLAINTIFF JOSE CONEJO did not fail to control his speed.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

38.     Admit that DEFENDANT ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to control his speed.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

39.     Admit that DEFENDANT ADAN PINA III failed to control his speed.

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

40.     Admit that PLAINTIFF JOSE CONEJO did not drive at an excessive rate of speed (too slow or too fast).

<u>ANSWER</u>

ADMIT/DENY    CHOOSE ONE

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

41.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not drive at an excessive rate of speed (too slow or too fast).

ANSWER

ADMIT/DENY    CHOOSE ONE

42.    Admit that DEFENDANT, ADAN PINA III drove at an excessive rate of speed (too slow or too fast).

ANSWER

ADMIT/DENY    CHOOSE ONE

43.    Admit that PLAINTIFF JOSE CONEJO did not fail to sound his horn and give warning.

ANSWER

ADMIT/DENY    CHOOSE ONE

44.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to sound his horn and give warning.

ANSWER

ADMIT/DENY    CHOOSE ONE

45.    Admit that DEFENDANT, ADAN PINA III failed to sound his horn and give warning.

ANSWER

ADMIT/DENY    CHOOSE ONE

46.    Admit that PLAINTIFF JOSE CONEJO did not fail to maintain a proper lookout.

ANSWER

ADMIT/DENY    CHOOSE ONE

47.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to maintain a proper lookout.

ANSWER

ADMIT/DENY    CHOOSE ONE

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

48.   Admit that DEFENDANT, ADAN PINA III failed to maintain a proper lookout.

ANSWER

ADMIT/DENY    CHOOSE ONE

49.   Admit that PLAINTIFF JOSE CONEJO did not fail to maintain a safe and proper distance from the Plaintiff's vehicle.
ANSWER

ADMIT/DENY    CHOOSE ONE

50.   Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to maintain a safe and proper distance from the Plaintiff's vehicle.

ANSWER

ADMIT/DENY    CHOOSE ONE

51.   Admit that DEFENDANT, ADAN PINA III failed to maintain a safe and proper distance from the Plaintiff's vehicle.

ANSWER

ADMIT/DENY    CHOOSE ONE

52.   Admit that PLAINTIFF JOSE CONEJO did not fail to maintain his brakes and/or other parts of his vehicle.

ANSWER

ADMIT/DENY    CHOOSE ONE

53.   Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to maintain his brakes and/or other parts of his vehicle.

ANSWER

ADMIT/DENY    CHOOSE ONE

54.   Admit that DEFENDANT, ADAN PINA III failed to maintain his brakes and/or other parts of his vehicle.

ANSWER

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

ADMIT/DENY   CHOOSE ONE

55.    Admit that PLAINTIFF JOSE CONEJO did not fail to drive in a reasonably prudent driver would have driven under the same or similar circumstances.

ANSWER

ADMIT/DENY   CHOOSE ONE

56.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to drive in a reasonably prudent driver would have driven under the same or similar circumstances.

ANSWER

ADMIT/DENY   CHOOSE ONE

57.    Admit that DEFENDANT, ADAN PINA III failed to drive in a reasonably prudent driver would have driven under the same or similar circumstances.

ANSWER

ADMIT/DENY   CHOOSE ONE

58.    Admit that the collision made this basis of this suit was not an unavoidable collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

59.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that the collision made this basis of this suit was not an unavoidable collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

60.    Admit that the incident made the basis of this lawsuit was not caused by Plaintiff's failure to exercise ordinary care.

ANSWER

ADMIT/DENY   CHOOSE ONE

61.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that the incident made the basis of this lawsuit was not caused by Plaintiff's failure to exercise ordinary care.

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL.-19-0291-H**

ANSWER

ADMIT/DENY    CHOOSE ONE

62.    Admit that medical treatment received by PLAINTIFF JOSE CONEJO was necessary.

ANSWER

ADMIT/DENY    CHOOSE ONE

63.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that medical treatment received by PLAINTIFF JOSE CONEJO was necessary.

ANSWER

ADMIT/DENY    CHOOSE ONE

64.    Admit that charges for the medical treatment received by PLAINTIFF JOSE CONEJO were reasonable.

ANSWER

ADMIT/DENY    CHOOSE ONE

65.    Admit that DEFENDANT, has no facts to support a contention that charges for the medical treatment received by PLAINTIFF JOSE CONEJO were reasonable.

ANSWER

ADMIT/DENY    CHOOSE ONE

66.    Admit that Defendant, ADAN PINA III failed to keep a proper lookout at the 500 Block of Expressway 83 and the 700 Block of Tower Blvd, in Alamo, Hidalgo Texas.

ANSWER

ADMIT/DENY    CHOOSE ONE

67.    Admit that DEFENDANT, ADAN PINA III pulled out in front of the vehicle driven by Plaintiff.

ANSWER

ADMIT/DENY    CHOOSE ONE

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

68.    Admit that DEFENDANT, ADAN PINA III pulled out in front of Plaintiff causing this incident.

ANSWER

ADMIT/DENY    CHOOSE ONE

69.    Admit that Defendant fled the scene.

ANSWER

ADMIT/DENY    CHOOSE ONE

70.    Admit that Defendant fled the scene knowing there had been an accident.

ANSWER

ADMIT/DENY    CHOOSE ONE

71.    Admit that DEFENDANT, GELCO FLEET TRUST, LLC'S corporate representative personally answered these admissions.

ANSWER

ADMIT/DENY    CHOOSE ONE

72.    Admit that DEFENDANT, GELCO FLEET TRUST, LLC's lawyer answered these admissions.

ANSWER

ADMIT/DENY    CHOOSE ONE

73.    Admit that Defendant, ADAN PINA III was not properly trained by Defendant GELCO FLEET TRUST AND DISH NETWORK LLC

ANSWER

ADMIT/DENY    CHOOSE ONE

74.    Admit that Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC did not provide adequate training for drivers on procedures after an accident.

ANSWER

ADMIT/DENY    CHOOSE ONE

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

75.   Admit that Defendant GELCO FLEET TRUST AND DISH NETWORK LLC did not adequately maintain their vehicles.

ANSWER

ADMIT/DENY   CHOOSE ONE

76.   Admit that Defendant GELCO FLEET TRUST AND DISH NETWORK LLC is the owner of the vehicle which was involved in this collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

77.   Admit that Defendant, ADAN PINA III was an unlicensed driver at the time of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

78.   Admit that Defendant ADAN PINA III was an incompetent driver at the time of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

79.   Admit that Defendant ADAN PINA III was a reckless driver at the time of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

80.   Admit that Defendant ADAN PINA III negligence caused the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

81.   Admit that Plaintiffs were not negligent at the time of the collision made the basis of this lawsuit.

ANSWER

ADMIT/DENY   CHOOSE ONE

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

82. Admit that Defendant ADAN PINA III failed to operate the vehicle as a prudent driver on or about JANUARY 10, 2018.

ANSWER

ADMIT/DENY   CHOOSE ONE

83. Admit that Defendant ADAN PINA III was driving while intoxicated.

ANSWER

ADMIT/DENY   CHOOSE ONE

84. Admit that Defendant ADAN PINA III has a propensity to drive a motor vehicle while under the influence of alcohol on or about the date of this incident made the basis of this law suit.

ANSWER

ADMIT/DENY   CHOOSE ONE

85. Admit that Defendant ADAN PINA III had consumed alcohol within four (4) hours before the incident made the basis of this lawsuit.

ANSWER

ADMIT/DENY   CHOOSE ONE

86. Admit that Defendant ADAN PINA III was under the scope of employment with Defendant GELCO FLEET TRUST AND DISH NETWORK LLC at the time of this incident.

ANSWER

ADMIT/DENY   CHOOSE ONE

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

## PLAINTIFF'S FIRST SET OF INTERROGATORIES
## TO DEFENDANT DISH NETWORK LLC

1.    Identify each person answering these Interrogatories, supplying information, or assisting in any way with the preparation of the Answers to these Interrogatories by: full name, address, telephone number, job title, place of employment, date of birth and social security number.

ANSWER:

2.    Identify each person or entity with possession, custody or control of documents relevant to this lawsuit.

ANSWER:

3.    Please describe the educational background of DEFENDANT ADAN PINA III, by listing the names and locations of all educational institutions attended. Identify any diplomas, degrees and/or certifications received and the dates of graduation.

ANSWER:

4.    Describe how the accident made the basis of this lawsuit occurred. Include in your description the speed of the vehicles involved at the time of the accident made the basis of this lawsuit.

ANSWER:

5.    List each place DEFENDANT, ADAN PINA III, had been in the four-hour period before the subject accident, and whether he was acting within the course and scope of employment at the time of accident made the basis of this lawsuit.

ANSWER:

6.    If DEFENDANT, ADAN PINA III, was not an employee of DEFENDANT, GELCO FLEET TRUST AND DISH NETWORK LLC at the time of the subject accident, please describe the relationship of DEFENDANT, ADAN PINA III and DEFENDANT, GELCO FLEET TRUST AND DISH NETWORK LLC at the time of the accident made the basis of this lawsuit (i.e., agent, contractor, etc.).

ANSWER:

7.    State whether DEFENDANT, ADAN PINA III, has been charged, arrested, and/or convicted of any crimes and/or misdemeanors including any felonies of moral turpitude and any traffic violations, within ten (10) years of the date these Answers are filed and, if so, please state the date, the State and County of the offense, the nature of the charge, and the ultimate disposition of the case.

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

ANSWER:

8.     Has DEFENDANT ADAN PINA III, ever been involved in any accident either ten (10) years prior to or subsequent accident made the basis of this lawsuit including, but not limited to, motor vehicle accidents, on the job accidents, industrial accidents, home, recreational or sporting accidents, or any other type of accidents. If so, please state when such accident took place, describe the nature of any injuries sustained in any such accident, and give the name, address and telephone number of any health care provider who was consulted or who treated DEFENDANT, ADAN PINA III for such injury.

ANSWER:

9.     Please state whether DEFENDANT, ADAN PINA III, has ever been involved in any other incident while operating a vehicle owned, operated and maintained by DEFENDANT GELCO FLEET TRUST AND DISH NETWORK LLC, at any time prior to or subsequent to the subject accident of JANUARY 10, 2018. If so, please state the date of each accident, all parties involved in each accident by full name and address, describe the nature of any injuries sustained in each accident and whether a claim and/or lawsuit was filed against DEFENDANT GELCO FLEET TRUST AND DISH NETWORK LLC and, if so, please provide the claim numbers and/or Court and cause numbers for each lawsuit filed.

ANSWER:

10.     Please state in detail the employment history for DEFENDANT, ADAN PINA III, for the last ten (10) years up to the date of the accident made the basis of this lawsuit, including the names and addresses of all employers and immediate supervisors, job titles, specific job duties, wages (hourly or weekly) or salary, and all reasons for leaving each employment. If DEFENDANT, ADAN PINA III, was self-employed during this period of time, please indicate the periods of self-employment, the type of work performed, the rate of pay, the total amount of wages received, and the reason for termination of that self-employment.

ANSWER:

11.     Has DEFENDANT, GELCO FLEET TRUST AND DISH NETWORK LLC, ever been a party to a claim or lawsuit either prior to or subsequent to the present lawsuit or made a claim with respect to personal injuries such as in the present cause? If so, state the nature of the lawsuit, the Court where each such lawsuit is pending or took place, and include the complete style of the cause of action, the date each such lawsuit was filed, whether each lawsuit is pending and, if not, the final disposition of the case. If no lawsuit was filed, state the nature of each personal injury claim, the result of the claim and the party to whom the claim was made.

ANSWER:

12.     Describe in detail any conversations DEFENDANT, ADAN PINA III or DEFENDANT, GELCO FLEET TRUST AND DISH NETWORK LLC has had with Plaintiff or Plaintiff's representatives at any time following the subject motor vehicle accident (i.e., at the scene of the

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

subject accident, immediately following the subject accident, or at any time since the occurrence of the subject motor vehicle accident).

ANSWER:

13.   Please identify, by name, business and residence address, and telephone number, each and every person who was responsible for the maintenance, inspection and safety of DEFENDANT'S GELCO FLEET TRUST AND DISH NETWORK LLC truck, tractor and/or trailer involved in the subject accident of JANUARY 10, 2018 at the time of the occurrence of the subject accident up to and including the present date.

ANSWER:

14.   Please state whether you contend that any of the following caused or contributed to the happening of the subject accident on JANUARY 10, 2018:

     (a)     Comparative negligence or other fault on the part of the Plaintiff;

     (b)     Comparative negligence or other fault on the part of Defendants; and/or

     (c)     Comparative negligence or fault, of any nature or description, on the part of any third party (including persons or entitles not presently parties to this lawsuit). Please provide the full name and address and/or business address for each third party identified.

ANSWER:

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT DISH NETWORK LLC

1.   Produce the complete investigation file of your insurance company, or of any insurance company, participating in any manner in the investigation or defense of this cause of action, (except for mental impressions and privileged communications with attorneys and statements made to the insurance company by the defendants) pertaining to their investigation of any issue in this case, including, but not limited to, any records obtained by any insurance adjuster or investigator, interoffice records, reports made by the plaintiff or any other non-defendant witness or entity to the agency or insurance company or their representatives that sold them liability insurance, communications or correspondence that contain relevant evidence or might lead to the discovery of relevant evidence on any issue in this cause.

RESPONSE:

2.   Produce copies of all reports, physical models, compilations of data, photographs and other material prepared by an expert or for an expert in anticipation of the expert's deposition

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

and/or trial testimony, including material prepared by an expert used for consultation if it forms a basis either in whole or in part of the opinions of any expert who is to be called as a witness.

RESPONSE:

3.      Produce copies of the files of all experts including, but not limited to, all working papers, notes, calculations, diagrams, photographs, models, exhibits and other documents, including reports and factual observations, prepared for or reviewed by an expert who will testify at trial.

RESPONSE:

4.      Produce copies of all reports, opinions and mental impressions by all consulting experts whose reports, opinions and mental impressions have been reviewed by testifying experts.

RESPONSE:

5.      Produce copies of all treatises, rules, regulations, guidelines, statutes, policies or procedures, and any other authoritative materials reviewed by any expert who will testify at trial.

RESPONSE:

6.      Produce copies of invoices, bills or other billing materials for each expert you expect to testify at trial, and for each consulting expert whose opinions or observations a testifying expert will review or has reviewed.

RESPONSE:

7.      Produce a copy of the Curriculum Vitae, if available, for each expert Defendants intend to utilize in this case.

RESPONSE:

8.      Produce copies of all statements, either oral or written, made by the Plaintiff or any representative on behalf of Plaintiff concerning the subject matter of this lawsuit.

RESPONSE:

9.      Produce copies of any and all correspondence, communications, letters, notes of oral communications, and all other documents or writings sent to or received from or exchanged by and between Defendants and Plaintiff or Plaintiff's representatives concerning the subject matter of this lawsuit.

RESPONSE:

10.     Produce copies of all agreements for settlement, indemnification, compromise, guarantee, or any other kind of agreement which you have entered into with any party or non-party, as a

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

result of or relating to this lawsuit.

RESPONSE:

11. Produce copies of all identifying documentation or materials in Defendants' possession pertaining to any non-party to this lawsuit named by Defendants that may be liable to Plaintiff for damages incurred as a result of the subject motor vehicle accident.

RESPONSE:

12. Produce a copy of the title, registration, and any and all other identifying documentation pertaining to the vehicle of the vehicle that Defendant, ADAN PINA III, was operating at the time of the subject motor vehicle accident.

RESPONSE:

13. Produce a copy of all inspection and maintenance records pertaining to the vehicle of the vehicle or vehicle that Defendant, ADAN PINA III, was operating at the time of the subject motor vehicle accident dated from JANUARY 10, 2018 up to and including JANUARY 10, 2018, the date of the subject motor vehicle accident.

RESPONSE:

14. Produce a copy of Defendant, ADAN PINA III's personal driver's license and commercial driver's license.

RESPONSE:

15. Produce a copy of Defendant, ADAN PINA III's social security card.

RESPONSE:

16. Produce copies of all still and moving photographs that are relevant to any issue involved in this lawsuit including, but not limited to, photographs that depict the scene of the accident and/or vehicles, the median barrier involved in the accident, and individuals involved in the subject accident.

RESPONSE:

17. Produce copies of all repair estimates, appraisals, receipts, repair bills and/or other documents that describe and/or in any way relate to the damage done to and/or repair done to Defendants' vehicle as a result of the accident made the basis of this lawsuit.

RESPONSE:

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

18.     Produce copies of all repair and maintenance records and vehicle inspections concerning Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC's vehicle involved in this cause, both two (2) years before and at all times after the subject accident.

RESPONSE:

19.   . Produce copies of all drawings, maps, or sketches of the scene and/or vehicles involved in the subject accident.

RESPONSE:

20.     Produce copies of any surveillance movies, photographs or videotapes of Plaintiff or of the accident made the basis of this lawsuit.

RESPONSE:

21.     Produce a copy of any internal incident reports regarding the accident made the basis of this lawsuit which were made by Defendant and/or representatives of Defendant.

RESPONSE:

22.     Produce a copy of any citation and/or any final judgments received by any party as a result of the subject accident.

RESPONSE:

23.     Produce copies of all documentation in the possession of Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC pertaining to Defendant, ADAN PINA III including, but not limited to, his entire personnel and/or employment files including, but not limited to, all medical physicals, medical examiner's certificates, checkups and drug testing, all past employment records, all disciplinary notices of reprimands, applications and follow-up reference reports and/or investigation of ADAN PINA III, contractor agreements, payroll records, time cards, etc.).

RESPONSE:

24.     Produce a copy of Defendant, ADAN PINA III's payroll records containing dates and times on and off from work from January 1, 2018 to January 31, 2018.

RESPONSE:

25.     Produce a copy of any and all documents or exhibits Defendant intends to utilize at trial.

RESPONSE:

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

26.     Produce a certified copy of each and every policy of insurance which may provide coverage to Defendants with respect to the subject motor vehicle accident, including all primary, excess or umbrella policies.

RESPONSE:

27.     Produce a copy of Defendant, ADAN PINA III's log book, if any, from January 1, 2018 to January 31, 2018.

RESPONSE:

28.     Produce the original or a copy of the log book for Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC's, vehicle involved in the subject accident on JANUARY 10, 2018.

RESPONSE:

29.     Produce a copy of the State of Texas and United States Department of Transportation reports, if any, filled out by Defendant, ADAN PINA III pertaining to the subject motor vehicle accident.

RESPONSE:

30.     Produce any and all documents or materials (including, but not limited to, driving manuals, safety manuals, policy manuals, maintenance manuals, reports, training videos or materials, memoranda, letters, notes or other data) related to the operation, maintenance, repair or use of the vehicle driven by Defendant, ADAN PINA III, at the time of the subject accident, in effect on or about JANUARY 10, 2018, and all subsequent versions of each document to the present date.

RESPONSE:

31.     Produce any and all materials provided by Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC to Defendant, ADAN PINA III, pertaining to the operation of the vehicle involved in the subject accident including, but not limited to, driving and safety instructions and manuals, safety videotapes, operations guides, etc., in effect on or about JANUARY 10, 2018, and all subsequent versions of each to the present date.

RESPONSE:

32.     Produce a copy of the employee rules which govern the compliance with Federal Highway Administration-Department of Transportation, Texas Department of Transportation, U.S. Department of Transportation, Code of Federal Regulations Section 395 styled "Hours of Service of Drivers" and any like State of Texas regulations to the same effect.

RESPONSE:

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

33. Produce a copy of the duty status reports of Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC's driver, Defendant, ADAN PINA III, dated January 1, 2018 to January 31, 2018 and all Daily Log documents (i.e., Form MCS-59 and/or the Multi-day Log, MCS-139, MCS-139A, etc.).

RESPONSE:

34. Produce a copy of any and all contingent agreements including, but not limited to, trip lease agreements, independent contractor agreements and employment agreements between Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC and its driver, Defendant, ADAN PINA III.

RESPONSE:

35. Produce a copy of the route slip(s) for the twenty-four (24) hour period of time before 8:21 a.m. on JANUARY 10, 2018 and for the twelve (12) hour period following.

RESPONSE:

36. Produce a copy of Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC's daily vehicle inspection reports pertaining to the vehicle involved in the accident of JANUARY 10, 2018 dated from January 1, 2018 to January 31, 2018, including all records that verify safety defects and certified corrections of safety defects.

RESPONSE:

37. Produce any and all documents (from January 1, 2018 to January 31, 2018) relating to Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC's vehicle (which includes vehicle unit) which was involved in the JANUARY 10, 2018 accident including, but not limited to, state entrance records, satellite tracking records, checkpoint records, fuel receipts, toll tickets, fuel tax records, federal use tax records, gross receipts tax records for state filing, state permits, weigh tickets, mileage records, company regulatory compliance records, dispatch records and phone logs and bills.

RESPONSE:

38. Produce any and all records, bills, hospital records, medical records, receipts, pharmacy records, or any other similar records generated as a result of any non-party requests for production relating to Plaintiff's injuries.

RESPONSE:

39. Produce any and all documents (including, but not limited to, police reports, traffic tickets, violations and/or citations) pertaining to Defendant, ADAN PINA III's and any criminal activity or history, including any arrests or convictions of any misdemeanor or felony crimes.

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martin

CL-19-0291-H

RESPONSE:

40.     Produce a copy of each and every document requested to be identified, which was identified or which was referred to in Defendants' Answers to Plaintiff's Interrogatories.

RESPONSE:

## PLAINTIFF'S REQUEST FOR ADMISSIONS
## TO DEFENDANT DISH NETWORK LLC

1.     Admit that on JANUARY 10, 2018 a collision occurred between a vehicle driven by ADAN PINA III and/or owned by Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC and a vehicle in which PLAINTIFFS were driving.

ANSWER

ADMIT/DENY    CHOOSE ONE

2.     Admit that the collision occurred on the 500 Block of Expressway 83 and the 700 Block of Tower Blvd, in Alamo, Hidalgo Texas.

ANSWER

ADMIT/DENY    CHOOSE ONE

3.     Admit DEFENDANT'S GELCO FLEET TRUST AND DISH NETWORK LLC vehicle was driven by DEFENDANT, ADAN PINA III at the time of the impact.

ANSWER

ADMIT/DENY    CHOOSE ONE

4.     Admit that the DEFENDANT ADAN PINA III'S vehicle was driving suffered visible damage.

ANSWER

ADMIT/DENY    CHOOSE ONE

5.     Admit that the vehicle PLAINTIFF, ADAN PINA III was driving suffered visible damage.

ANSWER

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

ADMIT/DENY   CHOOSE ONE

6.    Admit that DEFENDANT, ADAN PINA III consumed alcoholic beverages within 24 hours prior to the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

7.    Admit that the PLAINTIFF'S vehicle was towed from the scene of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

8.    Admit that the DEFENDANT'S vehicle was towed from the scene of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

9.    Admit that DEFENDANT ADAN PINA III'S failure to keep a proper lookout was a proximate cause of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

10.    Admit that you had the last clear chance to avoid the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

11.    Admit that DEFENDANT ADAN PINA III failure to control speed was a proximate cause of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

12.    Admit that Defendant, ADAN PINA III's failure to timely apply your brakes was the proximate cause of the collision.

ANSWER

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

ADMIT/DENY   CHOOSE ONE

13.   Do you admit that Defendant ADAN PINA III was negligent with respect to the occurrence of the collision?

ANSWER

ADMIT/DENY   CHOOSE ONE

14.   Admit that DEFENDANT ADAN PINA III was more than 50% in causing the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

15.   Admit that the cause of that collision was NOT due to a sudden emergency.

ANSWER

ADMIT/DENY   CHOOSE ONE

16.   Admit that the cause of the collision was NOT unavoidable.

ANSWER

ADMIT/DENY   CHOOSE ONE

17.   Admit that you are aware the policy limits demand has been made against your insurance company for payment and resolution of this lawsuit.

ANSWER

ADMIT/DENY   CHOOSE ONE

18.   Admit that you understand that if the jury awards PLAINTIFF any amount over policy limits that you will be personally responsible for such amounts.

ANSWER

ADMIT/DENY   CHOOSE ONE

19.   Admit that you understand that your insurance company has refused to tender or pay those funds, thereby subjecting your personal assets to risk of execution and foreclosure.

ANSWER

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

ADMIT/DENY   CHOOSE ONE

20.     Admit that PLAINTIFF'S injuries were not the result of a pre-existing injury and/or conditions and not related to the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

21.     Admit that the weather did not play a role in this collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

22.     Admit that the road condition did not play a role in this collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

23.     Admit that DEFENDANT, ADAN PINA III was not driving under emergency conditions prior to the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

24.     Admit that at least one person in the collision could have avoided the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

25.     Admit that DEFENDANT, ADAN PINA III could have avoided the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

26.     Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF could have avoided the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

27.    Admit that DEFENDANT, ADAN PINA III could have avoided the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

28.    Admit that PLAINTIFF' injuries were not the result of injuries sustained subsequent to and not related to the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

29.    Admit that DEFEDANTS have no facts to support a contention that PLAINTIFF' injuries were not the result of injuries sustained subsequent to and not related to the collision.

ANSWER

ADMIT/DENY    CHOOSE ONE

30.    Admit that the negligence of PLAINTIFF if any, did not proximately cause the collision made the basis of this suit.

ANSWER

ADMIT/DENY    CHOOSE ONE

31.    Admit that PLAINTIFF did not fail to take evasive action.

ANSWER

ADMIT/DENY    CHOOSE ONE

32.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF did not fail to take evasive action.

ANSWER

ADMIT/DENY    CHOOSE ONE

33.    Admit that DEFENDANT ADAN PINA III failed to take evasive action.

ANSWER

ADMIT/DENY    CHOOSE ONE

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martin

CL-19-0291-H

34. Admit that PLAINTIFF JOSE CONEJO did not fail to timely apply his brakes.

ANSWER

ADMIT/DENY   CHOOSE ONE

35. Admit that DEFENDANT ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to timely apply his brakes.

ANSWER

ADMIT/DENY   CHOOSE ONE

36. Admit that DEFENDANT ADAN PINA III failed to timely apply his brakes.

ANSWER

ADMIT/DENY   CHOOSE ONE

37. Admit that PLAINTIFF JOSE CONEJO did not fail to control his speed.

ANSWER

ADMIT/DENY   CHOOSE ONE

38. Admit that DEFENDANT ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to control his speed.

ANSWER

ADMIT/DENY   CHOOSE ONE

39. Admit that DEFENDANT ADAN PINA III failed to control his speed.

ANSWER

ADMIT/DENY   CHOOSE ONE

40. Admit that PLAINTIFF JOSE CONEJO did not drive at an excessive rate of speed (too slow or too fast).

ANSWER

ADMIT/DENY   CHOOSE ONE

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

41.     Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not drive at an excessive rate of speed (too slow or too fast).

ANSWER

ADMIT/DENY    CHOOSE ONE

42.     Admit that DEFENDANT, ADAN PINA III drove at an excessive rate of speed (too slow or too fast).

ANSWER

ADMIT/DENY    CHOOSE ONE

43.     Admit that PLAINTIFF JOSE CONEJO did not fail to sound his horn and give warning.

ANSWER

ADMIT/DENY    CHOOSE ONE

44.     Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to sound his horn and give warning.

ANSWER

ADMIT/DENY    CHOOSE ONE

45.     Admit that DEFENDANT, ADAN PINA III failed to sound his horn and give warning.

ANSWER

ADMIT/DENY    CHOOSE ONE

46.     Admit that PLAINTIFF JOSE CONEJO did not fail to maintain a proper lookout.

ANSWER

ADMIT/DENY    CHOOSE ONE

47.     Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to maintain a proper lookout.

ANSWER

ADMIT/DENY    CHOOSE ONE

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

48.    Admit that DEFENDANT, ADAN PINA III failed to maintain a proper lookout.

ANSWER

ADMIT/DENY    CHOOSE ONE

49.    Admit that PLAINTIFF JOSE CONEJO did not fail to maintain a safe and proper distance from the Plaintiff's vehicle.

ANSWER

ADMIT/DENY    CHOOSE ONE

50.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to maintain a safe and proper distance from the Plaintiff's vehicle.

ANSWER

ADMIT/DENY    CHOOSE ONE

51.    Admit that DEFENDANT, ADAN PINA III failed to maintain a safe and proper distance from the Plaintiff's vehicle.

ANSWER

ADMIT/DENY    CHOOSE ONE

52.    Admit that PLAINTIFF JOSE CONEJO did not fail to maintain his brakes and/or other parts of his vehicle.

ANSWER

ADMIT/DENY    CHOOSE ONE

53.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to maintain his brakes and/or other parts of his vehicle.

ANSWER

ADMIT/DENY    CHOOSE ONE

54.    Admit that DEFENDANT, ADAN PINA III failed to maintain his brakes and/or other parts of his vehicle.

ANSWER

Electronically Submitt<br>1/11/2019 3:41 P<br>Hidalgo County Cle<br>Accepted by: Samantha Martin

CL-19-0291-H

ADMIT/DENY   CHOOSE ONE

55.    Admit that PLAINTIFF JOSE CONEJO did not fail to drive in a reasonably prudent driver would have driven under the same or similar circumstances.

ANSWER

ADMIT/DENY   CHOOSE ONE

56.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that PLAINTIFF JOSE CONEJO did not fail to drive in a reasonably prudent driver would have driven under the same or similar circumstances.

ANSWER

ADMIT/DENY   CHOOSE ONE

57.    Admit that DEFENDANT, ADAN PINA III failed to drive in a reasonably prudent driver would have driven under the same or similar circumstances.

ANSWER

ADMIT/DENY   CHOOSE ONE

58.    Admit that the collision made this basis of this suit was not an unavoidable collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

59.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that the collision made this basis of this suit was not an unavoidable collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

60.    Admit that the incident made the basis of this lawsuit was not caused by Plaintiff's failure to exercise ordinary care.

ANSWER

ADMIT/DENY   CHOOSE ONE

61.    Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that the incident made the basis of this lawsuit was not caused by Plaintiff's failure to exercise ordinary

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martin

**CL-19-0291-H**

care.

ANSWER

ADMIT/DENY   CHOOSE ONE

62.   Admit that medical treatment received by PLAINTIFF JOSE CONEJO was necessary.

ANSWER

ADMIT/DENY   CHOOSE ONE

63.   Admit that DEFENDANT, ADAN PINA III has no facts to support a contention that medical treatment received by PLAINTIFF JOSE CONEJO was necessary.

ANSWER

ADMIT/DENY   CHOOSE ONE

64.   Admit that charges for the medical treatment received by PLAINTIFF JOSE CONEJO were reasonable.

ANSWER

ADMIT/DENY   CHOOSE ONE

65.   Admit that DEFENDANT, has no facts to support a contention that charges for the medical treatment received by PLAINTIFF JOSE CONEJO were reasonable.

ANSWER

ADMIT/DENY   CHOOSE ONE

66.   Admit that Defendant, ADAN PINA III failed to keep a proper lookout at the 500 Block of Expressway 83 and the 700 Block of Tower Blvd, in Alamo, Hidalgo Texas.

ANSWER

ADMIT/DENY   CHOOSE ONE

67.   Admit that DEFENDANT, ADAN PINA III pulled out in front of the vehicle driven by Plaintiff.

ANSWER

ADMIT/DENY   CHOOSE ONE

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

68.   Admit that DEFENDANT, ADAN PINA III pulled out in front of Plaintiff causing this incident.

ANSWER

ADMIT/DENY   CHOOSE ONE

69.   Admit that Defendant fled the scene.

ANSWER

ADMIT/DENY   CHOOSE ONE

70.   Admit that Defendant fled the scene knowing there had been an accident.

ANSWER

ADMIT/DENY   CHOOSE ONE

71.   Admit that DEFENDANT, DISH NETWORK, LLC'S corporate representative personally answered these admissions.

ANSWER

ADMIT/DENY   CHOOSE ONE

72.   Admit that DEFENDANT, DISH NETWORK, LLC's lawyer answered these admissions.

ANSWER

ADMIT/DENY   CHOOSE ONE

73.   Admit that Defendant, ADAN PINA III was not properly trained by Defendant GELCO FLEET TRUST AND DISH NETWORK LLC

ANSWER

ADMIT/DENY   CHOOSE ONE

74.   Admit that Defendant, GELCO FLEET TRUST AND DISH NETWORK LLC did not provide adequate training for drivers on procedures after an accident.

ANSWER

ADMIT/DENY   CHOOSE ONE

Electronically Submitte
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

CL-19-0291-H

75. Admit that Defendant GELCO FLEET TRUST AND DISH NETWORK LLC did not adequately maintain their vehicles.

ANSWER

ADMIT/DENY   CHOOSE ONE

76. Admit that Defendant GELCO FLEET TRUST AND DISH NETWORK LLC is the owner of the vehicle which was involved in this collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

77. Admit that Defendant, ADAN PINA III was an unlicensed driver at the time of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

78. Admit that Defendant ADAN PINA III was an incompetent driver at the time of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

79. Admit that Defendant ADAN PINA III was a reckless driver at the time of the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

80. Admit that Defendant ADAN PINA III negligence caused the collision.

ANSWER

ADMIT/DENY   CHOOSE ONE

81. Admit that Plaintiffs were not negligent at the time of the collision made the basis of this lawsuit.

ANSWER

ADMIT/DENY   CHOOSE ONE

Electronically Submitt
1/11/2019 3:41 P
Hidalgo County Cle
Accepted by: Samantha Martine

**CL-19-0291-H**

82.    Admit that Defendant ADAN PINA III failed to operate the vehicle as a prudent driver on or about JANUARY 10, 2018.

ANSWER

ADMIT/DENY    CHOOSE ONE

83.    Admit that Defendant ADAN PINA III was driving while intoxicated.

ANSWER

ADMIT/DENY    CHOOSE ONE

84.    Admit that Defendant ADAN PINA III has a propensity to drive a motor vehicle while under the influence of alcohol on or about the date of this incident made the basis of this law suit.

ANSWER

ADMIT/DENY    CHOOSE ONE

85.    Admit that Defendant ADAN PINA III had consumed alcohol within four (4) hours before the incident made the basis of this lawsuit.

ANSWER

ADMIT/DENY    CHOOSE ONE

86.    Admit that Defendant ADAN PINA III was under the scope of employment with Defendant GELCO FLEET TRUST AND DISH NETWORK LLC at the time of this incident.

ANSWER

ADMIT/DENY    CHOOSE ONE